**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **STEVEN E. BERKHEIMER,** | |
| **Plaintiff,** | |
| | **No.** |
| **v.** | |
| **HEWLETT-PACKARD COMPANY,** | **JURY TRIAL DEMANDED** |
| **Defendant.** | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Steven E. Berkheimer ("Berkheimer") for his Complaint against Defendant Hewlett-Packard Company ("HP") alleges as follows:

### Nature of the Action

1.      This is a patent infringement action arising under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.*, in which Plaintiff asserts that his U.S. Patent 7,447,713 ("System and Method for Archiving and Outputting Documents or Graphical Items," the '713 Patent) has been and continues to be infringed by Defendant HP.

### The Parties

2.      Plaintiff Berkheimer is an individual and former resident of Libertyville, Illinois and owns all right, title, and interest in, and has standing to sue for infringement of the '713 Patent.

3.      Defendant HP is a Delaware corporation with its principal place of business at 3000 Hanover Street, Palo Alto, California 94304-1185. HP does regular business in this judicial

district, including providing products and services in this judicial district accused of infringing the '713 Patent.

## Jurisdiction and Venue

4.      Exclusive original jurisdiction over the subject matter of this action is conferred on this Court under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq.*

5.      Venue properly lies in the Northern District of Illinois under 28 U.S.C. §§ 1391(b) and (c), and 1400(b), in that a substantial part of the acts and events giving rise to Plaintiff's claims occurred in this judicial district, including, but not limited to, Defendant having committed infringing acts in this District and the Defendant "residing" in this District in the sense that it is subject to personal jurisdiction here. Venue is also appropriate because Defendant does business in Illinois, including the commission in Illinois of one or more of the infringing acts of offering for sale, selling, using infringing products, or providing infringing services and support to Defendant's customers in Illinois, which Defendant does through established distribution channels.

6.      Personal jurisdiction over HP is proper in this District because HP is qualified and registered to do business in the State of Illinois as Hewlett-Packard Company and may be served by its registered agent at CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604. Defendant HP has established contacts with this forum and purposefully availed itself of this jurisdiction by committing and continuing to commit acts of patent infringement, or inducing or contributing to others doing so, in Illinois.

## The Defendant's Infringement of U.S. Patent 7,447,713

7.      On November 4, 2008, United States Patent No. 7,447,713 (the '713 Patent), entitled "System and Method for Archiving and Outputting Documents or Graphical Items" was legally issued by the United States Patent and Trademark Office to inventor Steven E. Berkheimer of Libertyville, Illinois.  (A copy of the '713 Patent is attached as Exhibit A.)

8.      Plaintiff is the owner of the entire right, title, and interest in the '713 Patent with full rights to sue for the past and current infringement, and to enjoin further infringement, of the '713 Patent.

9.      On information and belief, Defendant HP manufactures, uses, offers for sale, sells, and/or has manufactured, used, offered for sale, or sold within this Judicial District and throughout the United States enterprise document automation platforms, including unauthorized products and services such as HP EXSTREAM that are covered by at least one or more of the '713 Patent independent Claims 1 and 10 and at least one or more of the '713 Patent dependent Claims, such as Claim 18, and hence infringe Plaintiff's '713 Patent. HP EXSTREAM is designed and marketed to be used in combination with a variety of commercial products and services.

10.     On information and belief, Defendant HP has infringed and is continuing to infringe the '713 Patent by manufacturing, using, offering for sale, and selling in the United States infringing products and services, such as HP EXSTREAM, by inducing others to infringe the '713 Patent, and/or by contributing to others' infringement of the '713 Patent. HP marketing materials for HP EXSTREAM promote and explain the infringing capabilities of the accused products and services and encourage the customers to use the products and services in an

infringing manner. HP will continue to infringe the '713 patent unless and until enjoined by this Court.

11.     On information and belief, HP's actions constitute infringement of the '713 Patent under at least 35 U.S.C. §§ 271(a), (b), or (c). Such acts of infringement have been and are continuing to be committed in Illinois and elsewhere in the United States. Plaintiff is entitled to compensatory damages from HP under 35 U.S.C. § 284 in addition to other relief requested below.

12.     On information and belief, Defendant HP had knowledge of the '713 Patent, and has therefore infringed the '713 Patent willfully and deliberately, thereby rendering this case exceptional under 35 U.S.C. § 285.

13.     By reason of the foregoing unlawful acts of Defendant HP, Plaintiff has been seriously and irreparably damaged and, unless Defendant is restrained from continuing such unlawful acts, Plaintiff will continue to be so damaged. Plaintiff is without adequate remedy at law to compensate him for the injury caused by Defendant's acts of infringement.

## Relief Sought

WHEREFORE, Plaintiff Steven E. Berkheimer prays for judgment against Defendant Hewlett-Packard Company and against its subsidiaries, affiliates, agents, servants, employees, and all others in active concert or participation with them granting the following relief:

A.     A finding United States Patent No. 7,447,713 is valid, enforceable, and infringed by Defendant HP;

B.     A permanent injunction against Defendant HP and its officers, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliates, and all others controlling,

4

controlled by, affiliated with, in privity with, or in active concert or participation with them from infringing, contributing to the infringement of, or inducing infringement of the '713 Patent;

  C. An award to Plaintiff of damages adequate to compensate him for the infringement of the '713 Patent that has occurred together with pre-judgment and post-judgment interest;

  D. An award to Plaintiff of all further and proper relief under 35 U.S.C. § 284, including trebled damages for willful infringement;

  E. An award to Plaintiff all further and proper relief under 35 U.S.C. § 285, including Plaintiff's costs, disbursements, and attorneys' fees for this action; and

  F. Such other and further relief as this Court deems just and appropriate.

## Jury Demand

Plaintiff demands a trial by jury on all issues so triable.


      Plaintiff Steven E. Berkheimer

      By:/s/  James P. Hanrath    
        One of his Attorneys

James P. Hanrath (IL. ARDC No. 3123374)
jhanrath@muchshelist.com

Michael J. Femal (IL. ARDC No. 0792012)
mfemal@muchshelist.com

MUCH SHELIST, P.C.
191 North Wacker Drive, Suite 1800
Chicago, Illinois 60606
(312) 521-2000