IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Steve Berkheimer,

Plaintiff(s),

v.

Hewlett-Packard Company,

Defendant(s).

Case No. 12-cv-09023
Judge Jeffrey T. Gilbert

## ORDER

Plaintiff's Motion for Protective Order [ECF 111] is denied. Plaintiff is ordered to produce the documents at issue. See Statement for further details.

## STATEMENT

This matter is before the Court on Plaintiff's Motion for Protective Order [ECF 111]. Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A)(iii), Plaintiff seeks a protective order to prevent the disclosure of purported privileged information requested by Defendant Hewlett-Packard in a subpoena served upon third party Intellectual Ventures ("IV"). Defendant served a subpoena on IV seeking, in part, communications between Plaintiff and IV involving U.S. Patent 7,447,713. IV responded to the subpoena and produced some of the requested materials to Defendant, but indicated that other documents were being withheld at the request of Plaintiff's counsel on the basis of privilege. IV made a complete production to Plaintiff of all documents requested by the subpoena, including those that were not produced to Defendant. The documents at issue involve communications between Plaintiff and attorney Judith Yablonski, who was outside counsel for IV. Plaintiff submitted those documents to the Court for in camera inspection with his Motion. Plaintiff argues that the communications are protected by the attorney-client privilege and the common interest doctrine. The Court disagrees.

Plaintiff argues that "the communications at issue are made in the context of an attorney-client replationship with a lawyer representing another in a matter of common legal interests." [ECF 119] at 2. Before invoking the common interest privilege, a party first must establish that the underlying documents or communications being withheld are otherwise privileged. Dexia Credit Local v. Rogan, 231 F.R.D. 268, 272–73 (N.D. Ill. 2004). The attorney-client privilege protects confidential communications made by a client to his lawyer (or, in the context of the common interest privilege, the lawyer for another who shares a common legal interest) in which legal advice is sought. Pampered Chef v. Alexanian, 737 F. Supp. 2d 958, 962 (N.D. Ill. 2010). In order for an attorney-client privilege to attach, "the communication in question must be made: (1) in confidence; (2) in connection with the provision of legal services; (3) to an attorney; and (4) in the context of an attorney-client relationship." U.S. v. BDO Seidman, LLP, 492 F.3d 806, 815 (7th Cir. 2007).

A review of the documents submitted in camera reveals that the communications between Judith Ybalonski as counsel for IV and Plaintiff were in the context of a potential business transaction in which IV was reviewing Plaintiff's patent and considering whether to make an offer to purchase it. Plaintiff clearly knew (and expressly acknowledged in an e-mail dated August 23, 2012) that Ms. Yablonski was communicating with Plaintiff on behalf of her client, IV, in anticipation of a possible business transaction between Plaintiff and IV. There is nothing in the documents to indicate that Plaintiff sought or received any legal advice from Ms. Yablonski. IV has not asserted any claim of privilege over any of the documents at issue and it takes no position on Plaintiff's claim of privilege. See [ECF 116-4], Ex. 4.

Plaintiff has failed to demonstrate that his communications with Ms. Yablonski were protected by the attorney-client privilege or, therefore, the common interest privilege. Any purported belief by Plaintiff that Ms. Yablonski was acting as his attorney or that he was her client simply is not reasonable and is not supported by the record. In fact, Plaintiff appears to have known full well that Ms. Yablonski was representing IV and not him. Accordingly, Plaintiff's argument that "the communications at issue are made in the context of an attorney-client relationship with a lawyer representing another in a matter of common legal interests" simply does not hold water. [ECF 119], at 2.

Because the underlying communications are not protected by an attorney-client privilege, the common interest doctrine does not apply. The common interest privilege or doctrine has been characterized as "a rule of non-waiver." See Miller UK Ltd. v. Caterpillar, Inc., 17 F.Supp.3d 711, 731-732 (N.D. Ill. 2014) (citing cases). It protects the sharing of otherwise privileged information with someone with whom the speaker shares a common legal interest. As noted above, unless the party asserting the "common interest" establishes that the withheld documents or communications are otherwise privileged, the common interest doctrine does not come into play. Id. Further, a party claiming a common interest sufficient to protect confidential communications with another must show it shared a common legal interest with the other party when the communications occurred. Id. The record here demonstrates that Plaintiff and IV did not share a common legal interest at the time the communications took place. Plaintiff and IV were contemplating an arms-length business transaction and Ms. Yablonski was representing and advising IV in connection with its decision whether to enter into such a transaction with Plaintff. Communications between two parties contemplating a business deal or between one party and the attorney for the other party in contemplation of a business deal, at least in the manner and under the circumstances in which they occurred here, are not protected.

For all of these reasons, Plaintiff's Motion for Protective Order [ECF 111] is denied. Plaintiff is ordered to produce the documents at issue within three (3) business days from the date this Order is entered.

  It is so ordered.

Date: 3/23/2015

Magistrate Judge Jeffrey T. Gilbert