IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| STEVEN E. BERKHEIMER, | ) |
| Plaintiff, | ) Case No. 12 C 9023 |
| v. | ) Jeffrey T. Gilbert |
| HEWLETT-PACKARD COMPANY, | ) Magistrate Judge |
| Defendant. | ) |

# MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend or Supplement Expert Report on Damages [ECF No. 136]. Plaintiff Steven E. Berkheimer ("Berkheimer") seeks to amend or supplement the report of his expert Melissa Snelson on the issue of damages. Defendant Hewlett-Packard Company ("HP") objects to any amendment or supplementation of Ms. Snelson's expert report. For the reasons set forth below, Plaintiff's Motion for Leave to Amend or Supplement Expert Report on Damages [ECF No. 136] is denied. HP's Motion for Leave to File Sur-Reply [ECF No. 145] is granted.

## I. BACKGROUND

Berkheimer sued HP alleging infringement of U.S. Patent No. 7,447,713, which describes a method for digital archiving of files. *See* Compl. [ECF No. 1], at ¶ 1; Am. Compl. [ECF No. 20], at ¶ 1. The alle

gedly infringing products and services are HP's enterprise document automation software and platforms, such as HP EXSTREAM. *See* Am. Compl. [ECF No. 20], at ¶ 9. Following a *Markman* hearing, the Court issued its claim construction order [ECF No. 122] and Memorandum Opinion and Order [ECF No. 123] on August 21, 2015.

1

Under the Local Patent Rules of the Northern District of Illinois ("LPR"), initial expert reports were due twenty-one (21) days after the claim construction ruling. LPR 5.1(b). The parties exchanged initial expert reports on September 21, 2015. Shortly thereafter, the parties jointly sought an extension of time to serve rebuttal expert reports. *See* [ECF No. 126]. The parties served rebuttal expert reports on November 30, 2015. Under LPR 5.2, expert discovery was to be completed by January 5, 2016. *See* LPR 5.2. On December 21, 2015, the parties sought an extension of time to complete expert discovery until February 26, 2016, "in order to accommodate the schedules of their expert witnesses." [ECF No. 132]. Eight days later, on December 29, 2015, Berkheimer filed the instant Motion to Amend or Supplement Expert Report on Damages. [ECF No. 136.] He served his expert's proposed supplemental report on January 22, 2016. HP's Sur-Reply [ECF No. 145-1] at 1. Neither party's expert has yet been deposed pending the Court's ruling on Berkheimer's Motion.

## II. LEGAL FRAMEWORK

The process for making expert disclosures is governed by the Federal Rules of Civil Procedure and the Local Patent Rules. The Local Patent Rules work in tandem with the Federal Rules of Civil Procedure, and LPR 1.7 provides that "Federal Rule of Civil Procedure 26's requirements concerning supplementation of disclosure and discovery responses apply to all disclosures required under the LPR."

LPR 5.1 contemplates that the parties serve the following expert reports: (1) an initial expert witness disclosure within twenty-one (21) days after any claim construction ruling (*see* LPR 5.1(b)); and (2) a rebuttal expert witness disclosure within thirty-five (35) days after the initial expert witness disclosure (*see* LPR 5.1(c)). LPR 5.2 provides that expert witness

depositions shall be completed thirty-five (35) days after exchange of expert rebuttal reports. LPR 5.3 is entitled "Presumption Against Supplementation of Reports" and expressly provides:

> Amendments or supplementation to expert reports after the deadlines provided herein are presumptively prejudicial and shall not be allowed absent prior leave of court upon a showing of good cause that the amendment or supplementation could not reasonably have been made earlier and that the opposing party is not unfairly prejudiced.

LPR 5.3. Thus, under LPR 5.3, a party seeking to supplement its expert report "after the deadlines provided herein" have passed must overcome the presumption against supplementation by showing: (1) good cause that the amendment or supplementation could not reasonably have been made earlier, and (2) that the opposing party is not unfairly prejudiced by the supplementation.

Federal Rule of Civil Procedure 26(a)(2) governs expert discovery. Rule 26(a)(2)(B)(i) requires a party to disclose a retained expert's written report that includes "a complete statement of all opinions the witness will express and the basis and reasons for them." FED.R.CIV.P. 26(a)(2)(B)(i). An expert rebuttal report is designed to "contradict or rebut evidence" disclosed in the initial expert report. FED.R.CIV.P. 26(a)(2)(D)(ii). "The proper function of rebuttal evidence is to contradict, impeach or defuse the impact of evidence offered by an adverse party." *Peals v. Terre Haute Police Dep't*, 535 F.3d 621, 630 (7th Cir. 2008). *See also Butler v. Sears Roebuck & Co.*, 2010 WL 2697601, at *1 (N.D. Ill. July 7, 2010).

Federal Rule of Civil Procedure 26(e) authorizes supplementation or correction of discovery disclosures and responses, including an expert report tendered under Rule 26(a)(2), under certain circumstances. Federal Rule 26(e)(1)(A) provides, in pertinent part:

> (1) . . . . A party who has made a disclosure under Rule 26(a) — or who has responded to an interrogatory, request for production, or request for admission — must supplement or correct its disclosure or response:

3

> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

FED. R. CIV. P. 26(e)(1)(A).

As noted above, the Local Patent Rules expressly state that the requirements of Federal Rule of Civil Procedure 26 concerning supplementation of disclosures and discovery responses applies to all disclosures required under the Local Patent Rules. *See* LPR 1.7. But the Local Patent Rules also contain a clear presumption against supplementation of expert reports after the deadlines provided in those Rules have passed absent leave of court and a showing of good cause and no prejudice to the opposing party. *See* LPR 5.3. This case sits at the intersection of these two Rules.

### III. ANALYSIS

Berkheimer argues that he should be allowed to amend or supplement the report submitted by his damages expert, Ms. Snelson, because (1) the deadlines described in LPR 5.3 have not yet expired (since expert depositions have not yet taken place) so no presumption against supplementation applies, (2) the material contained in Ms. Snelson's "supplemental" report could not reasonably have been proffered earlier, and (3) HP will suffer no prejudice if Ms. Snelson is allowed to supplement her original report. Berkheimer also argues that supplementation of Ms. Snelson's expert report is required under Rule 26(e) because Ms. Snelson learned from reading HP's damages expert's rebuttal report that her initial report was "incomplete" or "incorrect" in some material respect, that additional information is required to complete or correct her report, and such information must be disclosed to HP now.

HP argues that Berkheimer is not entitled to amend or supplement Ms. Snelson's expert report on damages under either the Local Patent Rules or the Federal Rules of Civil Procedure.

4

It argues that Berkheimer's motion should be denied because the presumption against supplementation under LPR 5.3 applies since both experts have served their original and rebuttal reports; Berkheimer has not shown good cause in that the opinions set forth in Ms. Snelson's supplemental report could have been disclosed earlier; and HP would be prejudiced if its expert now is required to respond to the supplemental report. HP further argues that the requirement in Rule 26(e) that a party supplement its discovery disclosures under certain circumstances does not require a different result.

The Court agrees with HP. Ms. Snelson's "supplemental" report contains new and different analysis and opinions regarding damages than were included in her original report. These new opinions and analysis are offered in response to HP's expert Mr. Malackowski's criticism of Ms. Snelson's opinion in his rebuttal report. Berkheimer has not established good cause under LPR 5.3 that the new opinions contained in Ms. Snelson's supplemental report could not or, indeed, should not have been included in her original report. The Court also finds that HP could be unfairly prejudiced if it were forced to bear the burden and cost of analyzing new and alternative damage theories from Ms. Snelson now and perhaps having to submit a new rebuttal report of its own.

Ms. Snelson confirms that her supplemental report contains new and different opinions and analysis than did her original report. In the introductory section of her proffered supplemental report, Ms. Snelson says she still agrees with her original opinion "that it is appropriate to use all HP reported revenues from the accused HP Exstream product in the royalty base." Snelson Supplemental Report [ECF No. 148], at 3. She goes on to say, however, that if the factfinder determines it is not appropriate to assess damages this way, then it would be necessary to calculate a reasonable royalty rate applying considerations of apportionment, and

she goes on to do that in the proposed supplemental report. Ms. Snelson states: "[t]his Supplemental Report does *not* replace or supersede the opinions offered in the 2015 Snelson Report but, instead, completes my previous report by presenting alternative analysis directed to certain issues raised in the Malackowski [HP's expert] Report." *Id.* at 1 (emphasis in original). Ms. Snelson characterizes the opinion expressed in her supplemental report as "my alternative opinion" in the event apportionment is deemed the appropriate damage analysis by the factfinder. *Id.* at 4-5.

HP's expert criticized Ms. Snelson's original report on the ground that her royalty base and royalty rate analysis overstated Berkheimer's damages because she "disregarded the limited circumstances in which the Entire Market Value Rule applies and . . . inappropriately, and without analysis, applied the Entire Market Value Rule in [her] damage analysis." *Id.* at 2. Berkheimer now seeks leave to amend and supplement Ms. Snelson's expert report "to include analysis of the damages issues on the entire market rule, the smallest salable patent practicing unit and apportionment and to address asserted deficiencies of her royalty base and royalty rate determinations raised by the rebuttal report of Mr. Malackowski [HP's expert]." Berkheimer's Motion and Memorandum [ECF No. 136], at 1-2. There appears to be no dispute that what Ms. Snelson characterizes as her new, alternative opinions on these matters were not included in her original report which did not even contain the phrase "Entire Market Value Rule." HP's Sur-Reply [ECF No. 145-1], at 2. Berkheimer provides no reason that the information he wants Ms. Snelson to include in her "supplemental" report could not have been included in her original report if she thought it was important or necessary to do so then.

Berkheimer says it is necessary for Ms. Snelson to serve her "supplemental" report because, "upon her review of the Rebuttal Report of Mr. Malackowski [ ] she learned that in

6

some material respect the information disclosed in her initial September 21, 2015 report is incomplete or incorrect . . . ." Berkeimer Reply [ECF No. 141], at 4. This is a bit sophistic. Ms. Snelson does not cite to any information in her original report that is incomplete or incorrect, nor does she disavow the opinions or analysis in her original report. To the contrary, she re-confirms those opinions, and she offers an "alternative opinion" that was not contained in her original report.

This kind of a "supplemental" report is not contemplated by the Local Patent Rules. The time for Ms. Snelson to set out her opinions was in her previously served report. Rule 26(a)(2)(B)(i) says that a retained expert's report should include "a complete statement of all opinions the witness will express and the basis and reasons for them." FED.R.CIV.P. 26(a)(2)(B)(i). Expert reports are not first drafts. The Rule does not say that an expert's report should contain her best stab at an opinion that then can be supplemented, corrected, changed or augmented with new, alternative opinions after she has had a chance to think about it more and review the opposing expert's report. The new analysis contained in Ms. Snelson's "supplemental" report results in materially lower damages chargeable to HP than did the analysis in her original report. If Ms. Snelson thought it was appropriate to do that analysis, it should have been included in her original report.

To be sure, parties frequently do not oppose the kind of "supplemental" report or opinion that Berkheimer proposes here particularly before the expert is deposed. Indeed, here, Ms. Snelson's alternative opinion is helpful to HP, at least potentially, because it lowers its damage exposure if it is held liable for infringement. And the "alternative" opinion is being proffered in response to criticism of Ms. Snelson's original work from HP's own expert. But that does not mean a party must agree to its opponent's request for leeway in amending or supplementing an

expert report, and it also does not mean that a party has *carte blanche* to add new, alternative expert opinions after his expert's original and rebuttal reports are served over the objection of the opposing party.

The Court also does not agree with Berkheimer that supplementation of Ms. Snelson's report is timely because it was not served "after the deadlines provided herein" have passed within the meaning of LPR 5.3. Berkheimer argues that the "deadlines" have not passed because the time for the parties' experts to be deposed has not yet lapsed. But the time for the parties to serve their expert reports has passed. Even if Berkheimer is correct that the "deadlines" referenced in LPR 5.3 may refer both to the deadlines for service of expert reports and for expert depositions in LPR 5.1 and 5.2, that does not mean that a party is free to supplement an expert report as long as the time for taking his expert's deposition has not yet passed. It cannot be that a party can move to extend the date by which experts must be deposed, as occurred in this case, and then have free rein to serve supplemental expert reports whenever he wants to do so without consequence as long as his expert has not yet been deposed. The additional or "alternative" opinion that Berkheimer wants Ms. Snelson to offer now does not really correct or complete her earlier report as much as change it in response to the criticism leveled by HP's expert. Allowing Berkheimer to do that at this late date effectively would reset the clock on expert disclosures in a way that is not in keeping with LPR 5.3.

The Court also is not persuaded by Berkheimer's argument that supplementation of Ms. Snelson's report is allowed or required by Federal Rule of Civil Procedure 26(e). This is not the kind of situation that Rule 26(e) was designed to address. By its terms, Rule 26(e) does not require supplementation or correction of disclosures previously made unless the new information has "not otherwise been made known to the other parties during the discovery process or in

writing." FED.R.CIV.P. 26(e)(1)(A). Here, it was HP, through its expert, who first raised the issues that Berkheimer now would like his expert to address. That is how Berkheimer "learned" that his expert disclosure was, in his words, "incomplete or incorrect" within the meaning of Rule 26(e). But the fact that HP's expert pointed out an ostensible flaw in Berkheimer's expert's analysis does not impose a Rule 26(e) duty on Berkheimer to correct his expert's report. Rule 26(e) is not a back door that can be used to "supplement" expert reports *ad infinitum* until all experts have had their say in a running dialogue with their opposing experts, including about matters that should or would have been included in the experts' initial reports or disclosures if they had thought about them then.

Other courts have made the same point under similar circumstances. Although Rule 26(e) requires a party to supplement an earlier disclosure when that party learns that the disclosure was incomplete or incorrect, it "does not give the producing party a license to . . . offer new opinions under the guise of the 'supplement' label." *Amari v. C.R. England, Inc.*, 2010 WL 2943686, at *2 (S.D. Ind. July 21, 2010). Rule 26(e) "does not . . . permit an expert to correct mistakes based on information that was available to the expert well in advance of the issuance of his report." *Sloan Valve Co. v. Zurn Indus., Inc.*, 2013 WL 3147349, at *4 (N.D. Ill. June 19, 2013) (citing *Stuhlmacher v. Home Depot USA, Inc.*, 2012 WL 5866297, at *2 (N.D. Ind. Nov. 19, 2012)); *see also Allgood v. Gen. Motors Corp.*, 2007 WL 647496, at *3 (S.D. Ind. Feb. 2, 2007). As the court recognized in *Sloan Valve*, in speaking about the prior version of Rule 26(e) but in language equally applicable today, "[a]lthough Fed. R. Civ. P. 26(e) requires a party to supplement or correct disclosure upon information later acquired, that provision does not give license to sandbag one's opponent with claims and issues which should have been included in the expert witness' report (indeed, the lawsuit from the outset)." *Id.* at *2.

9

The Court does not mean to say that Berkheimer intentionally set out to sandbag HP here, and it does not believe that is the case. But allowing Berkheimer's expert to serve another report after the deadline specified in LPR 5.1 for doing so has passed, with an alternative damage theory, under the circumstances described in this Opinion, unfortunately, would have the same effect. It potentially would require HP to re-tool its expert to address Ms. Snelson's new opinion after he already has addressed and analyzed her initial opinion because he pointed out what he said was a flaw in her original analysis.

Finally, Berkheimer argues that he will be prejudiced if Ms. Snelson is not allowed to supplement her opinions. But a party always suffers some prejudice when evidence he offers is excluded. The question is whether the evidence is properly excluded, and the Court believes the proffered Snelson supplemental report is properly excluded for the reasons discussed in this Opinion.

Today's ruling does not touch on what testimony Ms. Snelson or, for that matter, Mr. Malackowski, HP's expert, may be permitted to give at trial. That is a matter reserved for the trial judge. This ruling is limited to whether, on the record before the Court, Berkheimer should be allowed to serve a "supplemental" expert report, and the Court has determined for the reasons discussed herein that he should not be allowed to do so over HP's objection. At the same time, though, the Court cannot help but wonder whether, at the end of the day, this dispute about whether Berkheimer should be allowed to proffer Ms. Snelson's alternative damage theory matters and what, if any, import the Court's ruling today will have on expert depositions and any trial, if one actually takes place.

For example, is there any scenario under which both parties ultimately will agree that Ms. Snelson can testify to some extent about her alternative damage model which substantially

reduces Berkheimer's estimated damages and HP's potential exposure? If she does give that testimony, will HP be allowed to show that she came up with that theory only after she saw HP's expert's report? In addition, neither party submitted Mr. Malackowski's rebuttal report. If Mr. Malackowski testifies consistent with his rebuttal report as characterized in Ms. Snelson's supplemental report (*see* [ECF No. 148]), will that open the door to cross-examination by Berkheimer's counsel about whether Mr. Malackowski ran the model or the numbers that he says Ms. Snelson failed to run. Could that open that door to testimony by Ms. Snelson about her alternative damage theory? But none of this is now before this Court and there is no reason to speculate further about the effect this ruling may have or may not have on the progress of this case in the future.

## IV. CONCLUSION

Plaintiff's Motion for Leave to Amend or Supplement Expert Report on Damages [ECF No. 136] is denied. A date by which the parties' respective experts must be deposed will be set in a separate order.

Magistrate Judge Jeffrey T. Gilbert

Dated: May 25, 2016